Green, J.
delivered the opinion of the court.
The defendants in error, are the heirs of Samuel Wilson deceased. They produced in evidence on the trial, no grant for the land in controversy, but rely on the presumption, in favor of the title of their ancestor, by reason of his long continued possession of the land.
1. It appears from the evidence that William Livingston took possession of this land in 1798, that he sold it to *402 Crocket, who was in possession, before Livingston left it, and Crocket sold to the ancestor of the defendants in error, who took possession before Crocket left it, and continued in possession until his death in 1829.
In order to establish the boundaries of the tract of land, claimed and possessed as above stated, the plaintiffs below proved by William Wood, that he was deputy surveyor, that he had seen a certificate for a head right issued in pursuance of the laws of Kentucky, first in the hands of William Livingston, shortly after he obtained it — after that in the hands of Joseph Crocket, then' in the hands of Samuel Wilson, and lastly in the hands of the witness, who made a survey of the land and returned it, through the hands of another man to the office at Burksville ; said certificate had an assignment from Livingston to Crocket, and one from Crocket to Samuel Wilson. Livingston and Crocket both told the witness, that they had made the said assignment's respectively. The witness has examined" the office and elsewhere for the said certificate, but could not find it. He then went to the office and procured a copy from the records, but it had not the assignments. The' witness is well acquainted with the boundaries of the land in dispute, and the copy of the certificate covers the land in dispute, and the witness believes it to be a true copy from the clerk’s office, in Cumberland county, Kentucky, and, of course, a true copy of the certificate the witness surveyed by.
Upon this evidence, the court permitted the copy to be read to the jury, which copy purports to be a certificate from the clerk’s office of Cumberland county, Kentucky, that William Livingston is entitled to three hundred acres of land described so as to cover the land in dispute. To the evidence of Wood, and to the reading of the copy of *403 the certificate, the defendants objected, but the objection was overruled, to which the defendants objected.
It is now insisted that the evidence of Wood .is insufficient to authorize the plaintiffs to read the copy, and, therefore, the evidence of this witness, and the said copy are both incompetent.
It is not denied that if the original paper, with its assignments, which the witness saw in the hands of the several possessors of this land, and by the calls of which he surveyed the land were produced, the testimony of the witness would entitle the plaintiffs to read it as evidence of the boundaries claimed by their ancestor, and to the extent of which he and those under whom he claimed, had been in possession more than twenty years. But it is said the witness does not prove that the paper exhibited is a copy of said paper under which the plaintiffs’ ancestor claimed.
Although it is true that the evidence is not so specific as it might have been, yet we think the witness substantially proves, that the calls of the paper exhibited are identical with the calls of the certificate, by which he surveyed the .land. He says he is well acquainted with the boundaries of the land, and the copy of the certificate covers the land in dispute, and he believes it to be a true copy from the clerk’s office, and of course, a true copy of the one surveyed by. Now if the witness had said in terms, that he remembered the calls of the copy he surveyed by, and on inspecting the copy he found its calls to correspond with those of said paper, the proof necessary to authorize the copy to be read, would have been full and complete. And we think the statement of the witness amounts in substance to this proof. He does not rest his belief, that the copy is a copy of the certificate he surveyed *404 by, upon the fact merely, that both purported to be copies from the clerk’s office, and his confidence in the clerk, that he had in both instances made true copies, but he is acquainted with the boundaries of the land surveyed by him, according to the calls of the certificate he surveyed by, and the copy covers the land thus surveyed, he, therefore, knows it to be a true copy of the certificate by which his survey was made.
We think, for these reasons, the proof of this witness was competent, and that the paper was properly read to the jury.
2. After the copy had been admitted in evidence, upon the proof made by Woods, the plaintiffs offered to read it, as a certified office copy — which the court permitted to be done, and to this the defendants excepted.
We are satisfied that this paper was irrelevent, as independent evidence, and for that reason alone, would have been incompetent, but for the testimony of Woods. But we do not perceive that the permission of the judge who tried the cause, having been twice given, that the same paper might be read to the jury, could effect the defendants injuriously, if in either instance it were properly before them. It would constitute, however, before the jury only a means of connecting the several possessors, Livingston, Crocket, and Wilson together, so as to make their possession an unit, and' to define the boundaries of that possession.
3. His Honor told the jury that if plaintiffs, and those under whom they claim title, had been in the actual undisturbed possession of the land for twenty years, a grant would be presumed.
This instruction, the counsel for the plaintiffs in error admits to be correct as a general rule ; but it is contended *405 that if this possession has been held by several persons, occupying the land in succession, claiming in a common right, to give the last holder a right to sue, he should have a deed or other assurance in fee simple, accompanied by seven years of possession. It is insisted, the presumption is not of a grant to Wilson, but to Livingston, the first possessor, and so Wilson does not have the legal title, because Livingston had a grant.
We cannot concur in this view of the case. The entire twenty years of continued possession is requisite, in order to raise the presumption of a grant. As the possession of the last holder is necessary to raise the presumption, that presumption must be in favor of him by whose possession it is raised. In truth, the possession of all the previous parties, under whom he claims, by regular transfers of their right of possession, constitute his possession, and all the created rights thereby vest in him. The twenty years possession does not produce the belief that there was a grant, but as a matter of public policy to •quiet titles, the law presumes a grant. Time works out for the party the title, and it is never complete until the expiration of the twenty years, when it vests in the party then in possession.
4. On the trial, the defendants offered to read the record of a suit of George W. Sevier against Samuel Wilson, in ejectment, in Overton Circuit Court for the same land, from which judgment there was an appeal to the Supreme Court, and showed that the writ in said suit issued 1st of April, 1818, to the reading of which, without the production of the record of the cause in the Supreme Court, the plaintiffs objected, and the objection was sustained by the couft, to which the defendants excepted.
The court properly refused to permit the record offered *406 to be read. If it was desired by the defendants to establish as a fact the commencement of a suit before the expiration of the twenty years, the record was properly rejected, because the fact was wholly irrelevant, lor the commencement of a suit would not break the continuity of the possession. And if it was desired to show by the record of the Circuit Court of Overton county, a recovery of this land by Sevier, of course, that record was incompetent, the judgment having been vacated, by the appeal.
Upon the whole we think there is no error in the record, and affirm the judgment.